EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: D'Rayfield Shipman
P.O. Box 25322
Wilmington, DE 19899

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2005-01222 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____William D. Cork_____           6/14/05
          Marie M. Tomasso, District Director           *(Date Mailed)*

Enclosure(s)

cc:   Delaware Department of Labor
      Thomas H. Ellis, DAG (For Respondent)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Philadelphia District Office

21 South 5th Street, Suite 400
Philadelphia, PA 19106-2515
(215) 440-2600
FAX (215) 440-2604

July 6, 2005

D'Rayfield Shipman
P.O. Box 25322
Wilmington, DE 19899

*Our Reference:*   *Charge Number 170-2005-01224*
*Shipman v. AFSCME Local 2038*

Dear Mr. Shipman:

As you know, I have been assigned to investigate your discrimination charge. It appears that the investigation of your charge is near completion. However, it is generally necessary to review the evidence obtained in the investigation with you before an investigation is considered complete. Such a review is needed to insure that all information necessary to the investigation has been obtained and that you have the opportunity to submit new or contradictory evidence relevant to the investigation. The Commission then makes a decision whether additional investigation is still necessary.

I have reviewed the information which Respondent has submitted in response to your claim(s). Based on the investigation and analysis, the evidence considered most important and relevant is as follows:

You allege that you were discriminated against based upon race and sex when Respondent failed to properly represent you and you were discharged from your position. You state that you began working for the Delaware Department of Labor in April of 2002, as an Unemployment Claims Processor. You indicate that in September of 2004, you filed a grievance when you were denied a promotion based upon your race and sex. You state that your grievance was denied in October of 2004. You contend that Sherri Eckeard (President) could not explain why your grievance was not taken to arbitration. You further allege that you continued to have problems with management and Ms. Eckeard refused to take your case to arbitration. You allege that she told you that she would "see to it that you were out of there." You allege that Respondent and management conspired to terminate your employment. You allege that Ms. Eckeard told you that she heard management tell you that if you did not withdraw the EEOC complaint, you would be discharged. You state that as a result of this treatment, you took FMLA on January 26, 2005, and on February 15, 2005, you were discharged.

Respondent contends that it fully represented your grievance through the pre-arbitration step. Respondent indicated that the person who was awarded the promotion over you was a

*Charge Number 170-2005-01224*  
*Shipman v. AFSCME Local 2038*

black female. Respondent contends that seniority is only used as a tie breaker when the qualifications of the applicants are relatively equal. Respondent contends that after the pre-arbitration hearing, the executive committee decided not to recommend to the Union membership to take your grievance to arbitration due to the low likelihood of success on the merits of the grievance. Respondent asserts that the state offered to allow you to resign rather than be terminated and retain certain benefits if you would agree to drop your EEOC Charge, however, you declined this offer. Ms. Eckeard denies that she ever told you that she would "see to it that you were out of there."

Respondent contends that your employment was terminated for poor work performance. Respondent indicates that you failed to appear for your pre-termination hearing and failed to grieve the termination. Respondent contends that it has no obligation to represent you in the grievance process for which you failed to participate or request representation from the Union

Based on the above data, there is insufficient evidence to support your allegations of discrimination based on race and sex. If you have additional relevant facts or can name witnesses with relevant testimony to support your allegations, please provide this information as part of your response. The burden of proof is on you as the Charging Party to show either by witness verification or a preponderance of the evidence that Respondent's actions were based upon race and sex. Please review the information and evidence cited below and submit your response directly to me within ten (10) days of the date of this letter.

In addition, if you are interested in resolving this matter through settlement, please submit settlement proposal within the ten (10) day period. Please be advised that if you do not contact me within ten (10) days of the date of this letter, the charge will be submitted with a recommendation for closure without any further input from you. In may be reached at the above address or at (215) 440-2658. Thank you for your cooperation in this matter.

Sincerely,

Evangeline Draper Hawthorne  
Investigator