UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| D'RAYFIELD KARY KHAME SHIPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-665 GMS |
| ) | |
| STATE OF DELAWARE, HAROLD ) | |
| STAFFORD, W. THOMAS MACPHERSON, ) | |
| YVONNE MARSHALL, LAVINIA MCGINTY, ) | |
| SHERRY ECKEARD, FRAN LALLY, ) | |
| MIKE BEGATTO, AFSCME LOCAL 2038, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SHERRY ECKEARD, FRAN LALLY, MIKE BEGATTO,
AND AFSCME LOCAL 2038'S
<u>OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

ABER, GOLDLUST, BAKER & OVER

<u>/s/ PERRY F. GOLDLUST</u>
PERRY F. GOLDLUST (DSB #770)
First Federal Plaza, Suite 600
702 King Street
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900
Attorneys for Defendant SHERRY
ECKEARD, FRAN LALLY, MIKE
BEGATTO, AFSCME LOCAL 2038

DATED:  <u>June 5, 2006</u>

**TABLE OF CONTENTS**

                                                                                            **PAGE**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      I.      STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      II.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION WHERE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      III.    TITLE VII DOES NOT ALLOW FOR SUITS AGAINST INDIVIDUALS.  TITLE VII ONLY ALLOWS FOR SUITS AGAINST EMPLOYERS BASED ON UNLAWFUL EMPLOYMENT PRACTICES.  *SEE* 42 *U.S.C.* § 2000e-2 (1999). . . . . . . 9

      IV.    WHILE TITLE VII PROHIBITS LABOR ORGANIZATIONS FROM DISCRIMINATING AGAINST THEIR MEMBERS, IT DOES NOT IMPOSE LIABILITY ON A LABOR ORGANIZATION FOR FAILING TO GRIEVE AN UNSUPPORTED ACCUSATION OF DISCRIMINATION BY  ONE OF ITS MEMBERS AT THE HANDS OF HIS EMPLOYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## **TABLE OF AUTHORITIES**

**PAGE**

Cases

*Alexander v. Local 496, Laborers Int'l Union of N. Am.,*
　　778 F.Supp. 1401, 1418 (N.D.Ohio 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Anderson v. Gen. Dynamics Convair Aerospace Div.,*
　　589 F.2d 397, 401 (9th Cir.1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Donnell v. General Motors Corp.*, 576 F.2d 1292 (8th Cir. 1978) . . . . . . . . . . . . . . . . . . .  12

*D.P. Enter. Inc. v. Bucks County Cnzty. Coll.,* 725 F.2d 943 (3d Cir. 1984) . . . . . . . .  5

*Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) . . .  11

*Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . .  9

*Gray Patterson v. American Tobacco Co.,* 535 F.2d 257 (4th Cir. 1976) . . . . . . . . . . . . .  12

*Greenslade v. Chicago Sun-Times, Inc.,* 112 F.3d 852, 866 (7th Cir.1997) . . . . . . . . . . .  11

*Hicks v. ABT Assoc.,* 572 F.2d 960, 966 (3d Cir.1978) . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir.1999) . . . . . . . . . . . . . .  9, 10

*Jackson v. Assocs. Credit Card Servs., Inc.,*
　　2002 WL 742602, at *2 (N.D.Tex. Apr. 25, 2002) . . . . . . . . . . . . . . . . . . . . . . .  9

*Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*Macklin v. Spector Freight Systems Inc.*, 478 F.2d 979 (D.C. Cir. 1973) . . . . . . . . . . . .  12

*Marguart v. Lodge 837, Int'l Assoc. of Machinists and Aerospace Workers,*
　　26 F.3d 842, 853 (8th Cir.1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) . . . . . . . . . . . . . .  5

*Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398 (3rd Cir.1976) . . . . . . . . . . . . . . .  6

*Patterson v. McLean Credit Union,* 491 U.S. 164, 180-181,
　　109 S.Ct. 2363, 2374-2375, 105 L.Ed.2d 132 (1989) . . . . . . . . . . . . . . . . . . . . .  7

*Pen. Ben. Guar. Corp. v. Thite Consol. Indus.,* 998 F.2d 1192, 1196
  (3rd Cir. 1993), *cert. denied,* 510 U.S. *1042* (1984) . . . . . . . . . . . . . . . . . . . . . . 5

*Romero v. Union Pac. R.R.,* 615 F.2d 1303, 1310 (10th Cir.1980) . . . . . . . . . . . . . . . . . . . 11

*Sheridan v. E.I. Dupont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) . . . . . 9

*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,*
  165 F.3d 1321, 1326 (10th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Smith v. Amedisys, Inc.,* 298 F.3d 434, 449 (5th Cir.2002). . . . . . . . . . . . . . . . . . . . . . . . 9

*Thorn v. Amalgamated Transit Union,* 305 F.3d 826, 831-32 (8th Cir.2002) . . . . . . . . . . 12

*Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3rd Cir.1990) . . . . . . . . . . . 7

*Wright v. Phila. Gas Works,* 2001 U.S. Dist. LEXIS 15852 (E.D.Pa.2001) . . . . . . . . . . . . 6

Other Authorities

Title VII of the Civil Rights Act of 1964 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,6,
                                                                                                                     7,9,10,
                                                                                                                     11,12,
                                                                                                                     13

28 *U.S.C.* § 2000e-5(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

42 *U.S.C.* § 2000e(b) (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 *U.S.C.* § 2000e-2 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 *U.S.C.* § 2000e-2(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

42 *U.S.C.* § 2000e-2(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

FRCP 12(b)(1) and (6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff D'Rayfield Kary Khame Shipman ("Plaintiff"), a citizen of Delaware and a former employee of the State of Delaware, Department of Labor, filed suit on September 13, 2005 in this Court alleging that his termination violated Title VII of the Civil Rights Act of 1964. Defendants Sherry Eckeard, Fran Lally, Mike Begatto, and AFSCME Local 2038 were eventually served on May 10, 2006 and were required to file an Answer by May 30, 2006. On May 30, 2006, Defendants Sherry Eckeard, Fran Lally, Mike Begatto, and AFSCME Local 2038 filed their Answer with the Court and, in addition, asking the Court to dismiss Plaintiff's complaint. Defendants Sherry Eckeard, Fran Lally, Mike Begatto, and AFSCME Local 2038 are filing a formal Motion to Dismiss claim pursuant to FRCP 12(b)(1) and (6). This is Defendants Sherry Eckeard, Fran Lally, Mike Begatto, and AFSCME Local 2038's Opening Brief in support of their Motion.

## SUMMARY OF ARGUMENT

**I.      Standard of Review.**

**II.     Plaintiff's Complaint should be dismissed for Lack of Subject Matter Jurisdiction where Plaintiff Failed To Exhaust His Administrative Remedies.**

**III.    Title VII does not allow for suits against individuals. Title VII only allows for suits against employers based on unlawful employment practices.**

**IV.    While Title VII prohibits labor organizations from discriminating against their members, it does not impose liability on a labor organization for failing to grieve an unsupported accusation of discrimination by one of its members at the hands of his employer.**

## **STATEMENT OF FACTS**

Plaintiff was an employee of the State of Delaware, Department of Labor. Plaintiff worked at the State office building known as Fox Valley, located in Wilmington, Delaware. His job title was Unemployment Insurance Claims Processor.

Plaintiff alleges that the Union and Sherri Eckeard ("Eckeard"), the then President of the Union, failed to adequately represent him through the grievance procedure on a grievance involving a promotion. However, it is important to note that the person that was awarded the promotion over Plaintiff was an African American female, Yolanda Serman, also a Union member. Plaintiff asserted that he should have prevailed on the promotion based on seniority. However, seniority is only used as a "tie breaker" when the qualifications of the applicants are relatively equal. According to the Step 2 Decision, the candidates were not relatively equal, as Plaintiff's last performance evaluation had a rating of "needs improvement." Oliver Gumbs denied the grievance at Step 2. Oliver Gumbs is an African American male.

The Union fully represented Plaintiff in his grievance through the pre-arbitration step. After the pre-arbitration proceeding, the executive committee decided not to recommend to the Union membership to take the grievance to arbitration due to the low likelihood of success on the merits of the grievance. At the time period in issue, the executive board consisted of Eckeard, Union President, a Caucasian female, John Immediato ("Immediato"), Union Vice President, a Caucasian male, Robin Brinkley-White, an African-American female, Valerie Dawkins, Union Treasurer, an African-American female, and Rene Pearman, an African-American female.

Plaintiff's poor work performance had been the cause of a meeting held on or about November 15, 2004 with management, Plaintiff, Eckeard, and Immediato. The State offered to allow Plaintiff to resign rather than be terminated and retain certain benefits if he would drop the

3

pending EEOC charge and agree not to file any additional claims. Plaintiff declined this offer.

The termination letter sent to Plaintiff by the State of Delaware provides "[y]ou are being terminated based on the results of an investigation concerning your handling of UC-119C forms." Plaintiff's immediate supervisor was Lavina McGinty, an African-American female, the letter recommending discharge was signed by Harold Stafford, an African-American male, and the termination letter was signed by Thomas MacPherson, a Caucasian male.

Plaintiff was terminated by the State of Delaware on February 15, 2005. Plaintiff was contacted on numerous occasions, through both mail and telephone messages, by the Union inquiring whether Plaintiff wished to grieve his termination. Plaintiff had a small window within which he could exercise his right to a pre-termination hearing; however, he never contacted the Union informing them that he wanted to request a hearing on his termination.

# ARGUMENT

## I. STANDARD OF REVIEW.

When considering a motion to dismiss, the court accepts "as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," viewing them "in the light most favorable to the plaintiff." *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Although a court will accept the plaintiffs factual allegations as true, a motion to dismiss should be granted when "it appears to a certainty that no relief could be granted under any set of facts which could be proved." *Id.* (quoting *D.P. Enter. Inc. v. Bucks County Cnzty. Coll.,* 725 F.2d 943 (3d Cir. 1984).

In particular, a court should not consider or regard as true "conclusory allegations of law, unsubstantiated conclusions, and/or unwarranted factual inferences." See *Morse,* 132 F.3d at 906. Moreover, in deciding a motion to dismiss, the court may consider the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pen. Ben. Guar. Corp. v. Thite Consol. Indus.,* 998 F.2d 1192, 1196 (3rd Cir. 1993), *cert. denied,* 510 U.S. *1042* (1984).

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION WHERE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

It is well settled that as a pre-condition to filing suit under Title VII, a plaintiff must first file charges with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged discriminatory act. *See Wright v. Phila. Gas Works,* 2001 U.S. Dist. LEXIS 15852 (E.D.Pa.2001); *See also* 28 U.S.C. § 2000E-5(e).[1] The notification permitting suit issues either upon the dismissal of the plaintiff's charge by the EEOC or upon the expiration of a 180-day period wherein the EEOC fails to file a civil action on the basis of the allegations charged. The purpose of endowing the EEOC with the authority to initially investigate employment discrimination claims is to promote administrative conciliation, rather than immediately resort to the court system. *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394, 398 (3rd Cir.1976). Accordingly, once a charge is filed with the EEOC, the scope of the ensuing civil action is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *See Hicks v. ABT Assoc.,* 572 F.2d 960, 966 (3d Cir.1978). Therefore, the allegations in a Title VII action must be limited to only those of which the administrative charge provided reasonable notice.

Title VII provides an expansive reach by making it unlawful for an employer to refuse to hire or discharge any individual, or to discriminate against any individual with regards to his compensation, terms, conditions or privileges of employment, because of the individual's race, color, religion, sex or national origin. 42 *U.S.C.* § 2000e-2(a)(1). In drafting Title VII,

---

[1] Once the EEOC receives the charge, it must investigate the allegations to determine if there is reasonable cause to believe that the allegations are true. *Hicks v. ABT Assoc.,* 572 F.2d 960, 963 (3d Cir.1978). If reasonable cause is found, conciliation proceedings are instituted. *Id.* If no reasonable cause is found, or if conciliation attempts fail, the EEOC issues to the complainant a notice of their right to bring a civil action. *Id.* In this instance, it is clear that the Plaintiff filed a claim with the EEOC. Without the benefit of the right-to-sue letter, it is difficult to determine what if any attempts

"Congress set up an elaborate administrative procedure ⋯ [and] [o]nly after these procedures have been exhausted, and the plaintiff has obtained a right to sue letter from the EEOC, may he bring a Title VII action in court." *Patterson v. McLean Credit Union,* 491 U.S. 164, 180-181, 109 S.Ct. 2363, 2374-2375, 105 L.Ed.2d 132 (1989).  In fact, a federal court lacks subject matter jurisdiction to hear a Title VII claim unless a claim has been previously filed with the EEOC. *See Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3rd Cir.1990).

There is no disputing that Plaintiff filed a complaint with the EEOC.  However, Plaintiff has failed to attach a copy of the Right-to-Sue letter, which he claims was issued by the EEOC on June 25, 2005 with his Title VII Complaint.  In addition, the complaint fails to allege the parties authorized to be sued under the Right-to-Sue letter.  Plaintiff does not allege the parties against whom he has filed a claim with the EEOC or against what individuals he has received a "right to sue" letter.  Defendants Sherry Eckeard, Fran Lally, Mike Begatto, and AFSCME Local 2038 submit to the Court that Plaintiff has included parties in his Title VII Claim that were not part of his EEOC claim.  Providing this Court with the appropriate parties and basis for right-to-sue are both necessary steps which must be adhered to in bringing a Title VII claim. "Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII." *See Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir.1996) (quotation omitted). "[A] plaintiff normally may not bring a Title VII action [against parties or] based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.,* 165 F.3d 1321, 1326 (10th Cir.1999).  Thus, if Plaintiff did not exhaust his administrative remedies, this Court lacks jurisdiction to consider his Title VII termination claim.  Therefore, Defendants respectfully request that the Court dismiss Plaintiff's claim for lack of subject matter jurisdiction where

---

to conciliate a charge were undertaken and whom the EEOC named in the right-to-sue letter.

Plaintiff has failed to put the Defendants Sherry Eckeard, Fran Lally, Mike Begatto, and AFSCME Local 2038 on notice regarding the parties that Plaintiff has been granted a right-to-sue and on what basis.

### III. TITLE VII DOES NOT ALLOW FOR SUITS AGAINST INDIVIDUALS. TITLE VII ONLY ALLOWS FOR SUITS AGAINST EMPLOYERS BASED ON UNLAWFUL EMPLOYMENT PRACTICES. *SEE* 42 *U.S.C.* § 2000e-2 (1999).

As to Plaintiff's suit which names individual employees who were operating in their official capacities, Defendants' position is that liability is precluded under Title VII. *See Sheridan v. E.I. Dupont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996). Accordingly, Defendants Sherry Eckeard, Fran Lally, Mike Begatto, and AFSCME Local 2038 respectfully request that all counts alleging violations of Title VII against Defendants Mike Begatto, Sherry Eckeard, and Fran Lally be dismissed with prejudice.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 *U.S.C.* § 2000e(b) (2003). Despite the express reference to an employer's agents, a number of the Circuit Courts have held that Title VII does not impose individual liability. *See Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir.2002); *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir.1999). Congress's purpose in including agents within the definition of employer was to incorporate *respondeat superior* liability into the statute. *See Indest,* 164 F.3d at 262 citing *Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir.1994); *Jackson v. Assocs. Credit Card Servs., Inc.,* 2002 WL 742602, at *2 (N.D.Tex. Apr. 25, 2002). As a result, an individual may sue his employer for *respondeat superior* liability, but may not sue the agent for Title VII liability. Begatto, Eckeard, and Lally, therefore, are not proper individual parties, and the claims against them should be dismissed with prejudice.

Neither may Plaintiff bring Title VII claims against Begatto, Eckeard, and Lally in their official capacities. In *Indest v. Freeman Decorating,* the Fifth Circuit recognized that if an

9

individual was permitted to bring a Title VII action against an organization and an officer of that organization acting in his official capacity, the organization could potentially be held liable twice for the same act. *Indest*, 164 F.3d at 262.  The court concluded, "[A] party may not maintain a suit against both an employer and its agent under Title VII." *Id.* at 262. Therefore, because Plaintiff is bringing a Title VII claim against AFSCME Local 2038, he is prohibited from bringing a Title VII claim against Begatto, Eckeard, and Lally in their official capacities.

### IV. WHILE TITLE VII PROHIBITS LABOR ORGANIZATIONS FROM DISCRIMINATING AGAINST THEIR MEMBERS, IT DOES NOT IMPOSE LIABILITY ON A LABOR ORGANIZATION FOR FAILING TO GRIEVE AN UNSUPPORTED ACCUSATION OF DISCRIMINATION BY ONE OF ITS MEMBERS AT THE HANDS OF HIS EMPLOYER.

Title VII cases against labor organizations typically have alleged that the union's discrimination against the plaintiff directly affected plaintiff's job conditions or opportunities. *See, e.g., Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) (superseded by statute on other grounds) (holding that union violated Title VII by failing to process grievances asserting race discrimination by employer); *Greenslade v. Chicago Sun-Times, Inc.,* 112 F.3d 852, 866 (7th Cir.1997) (Title VII claim exists against union for breach of duty of fair representation if plaintiff can show that union failed to bring grievance regarding job transfer because of employee's sex); *Marguart v. Lodge 837, Int'l Assoc. of Machinists and Aerospace Workers,* 26 F.3d 842, 853 (8th Cir.1994) (plaintiff's claim that union failed to process her sexual harassment grievance because the perpetrators were favored male union members was sufficient to make out a prima facie case against union under Title VII); *Romero v. Union Pac. R.R.,* 615 F.2d 1303, 1310 (10th Cir.1980) (union liable for retaliation under Title VII where it threatened not to pursue plaintiff's reinstatement to job unless he dropped EEOC complaint); *Anderson v. Gen. Dynamics Convair Aerospace Div.,* 589 F.2d 397, 401 (9th Cir.1978) (where union membership was required under collective bargaining agreement and plaintiff was discharged for failure to pay union dues, plaintiff stated Title VII claim against union and employer for failure to accommodate her religious beliefs, which prohibited union membership); *Alexander v. Local 496, Laborers Int'l Union of N. Am.,* 778 F.Supp. 1401, 1418 (N.D.Ohio 1991) (where union exercised "substantial control over construction job opportunities" through its referral program, it could be held liable for the racially discriminatory

effects of union membership policies).

Plaintiff is claiming that the Union has discriminated against him on the basis of race and sex by not properly defending his being passed over for a promotion and his eventual termination from the State of Delaware, Department of Labor. With respect to the assertion that the union consented to the State of Delaware's alleged discriminatory conduct, the labor organizations duty is merely to insure compliance with Title VII. *Donnell v. General Motors Corp.*, 576 F.2d 1292 (8th Cir. 1978). The majority of cases on this issue have held that if a union does not take action against discriminatory practices by an employer, it may be held responsible for those practices. See *Gray Patterson v. American Tobacco Co.,* 535 F.2d 257 (4th Cir. 1976); *Macklin v. Spector Freight Systems Inc.*, 478 F.2d 979 (D.C. Cir. 1973). In this case, the Union took action on Plaintiff's claim that the job was not awarded to him because of his sex by filing a grievance. In that grievance procedure it was determined that the female individual awarded the job was more qualified and the Union, as a whole decided not to Arbitrate the matter any further.

With respect to Plaintiff's claim that he was discriminated against on the basis of race, what Plaintiff fails to include in his complaint is that the individual that was awarded the job over Plaintiff, Yolanda Serman, is an African American as well. It is difficult to see how Plaintiff can claim that the Union, discriminated against him on the basis of his race where the individual awarded the job was not only more qualified, but was of the same race as Plaintiff.

Title VII prohibits labor organizations from discriminating against their members on the basis of race and national origin. *See, e.g., Thorn v. Amalgamated Transit Union,* 305 F.3d 826, 831-32 (8th Cir.2002). In *Thorn,* the 8th Circuit Court explained the limits of unions' obligations under Title VII:

> A labor organization is liable for an employer's discrimination in the workplace if it causes or attempts to cause the employer to discriminate, § 2000e-2(c)(3); or if the union

    'purposefully acts or refuses to act in a manner which prevents or obstructs a reasonable accommodation by his employer,'… or if the union 'pursue[s] a policy of rejecting disparate-treatment grievances meant to vindicate employee rights protected by Title VII….'

 Though the Unions are prohibited from causing or assisting unlawful discrimination by a Union member's employer, nowhere in the statute is there language imposing upon unions an affirmative duty to investigate and take steps to remedy alleged employer discrimination.  See *Id.* at 832-33.  Nevertheless, in this case the Union did take the extra step by attempting to grieve the concerns Plaintiff raised regarding his employer's actions in passing on his promotion and eventually terminating his employment.  Furthermore, it should be pointed out that Plaintiff was made aware that he had a right to a hearing regarding his termination.  Despite numerous attempts to contact Plaintiff, Plaintiff failed to respond to the Union's repeated inquiry as to whether he wanted to request a pre-termination hearing.  Plaintiff's lack of interest was the sole reason this issue was never grieved by the Union or the State of Delaware Department of Labor.

 Therefore, Plaintiff's claim of discrimination or retaliation at the hands of Eckeard, Begatto, Lally, and AFSCME Local 2038 should be dismissed for failure to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons discussed, Plaintiff's Complaint against Sherry Eckeard, Mike Begatto, Fran Lally and AFSCME Local 2038 should be dismissed with prejudice.

Respectfully submitted,

ABER, GOLDLUST, BAKER & OVER

/s/ PERRY F. GOLDLUST
PERRY F. GOLDLUST (DSB #770)
First Federal Plaza, Suite 600
702 King Street
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900
Attorneys for Defendant SHERRY ECKEARD, FRAN LALLY, MIKE BEGATTO, AFSCME LOCAL 2038

DATED:  June 5, 2006