IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| D'Rayfiled Kary Khame Shipman | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-665 (GMS) |
| | ) | |
| State of Delaware, Harold Stafford, | ) | |
| W. Thomas MacPherson, Yvonne Marshall, | ) | |
| Lavinia McGinty, Sherry Eckeard, | ) | |
| Fran Lally, Mike Begatto, and Local 2038 | ) | |
| AFSCME, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS W. THOMAS MACPHERSON AND YVONNE MARSHALL'S
OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

s/s Linda M. Carmichael
Linda M. Carmichael, I.D. No. 3570
Thomas H. Ellis, I.D. No. 2586
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for the Defendants W. Thomas
MacPherson and Yvonne Marshall

DATED: June 12, 2006

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................... i

TABLE OF CITATIONS ................................................................................................ ii

NATURE AND STAGE OF PROCEEDINGS ................................................................1

SUMMARY OF THE ARGUMENT ...............................................................................3

STATEMENT OF FACTS . .............................................................................................4

ARGUMENT ....................................................................................................................5

       I.      STANDARD OF REVIEW
              a.  Federal Rule of Civil Procedure 12(b)(1). ..........................................5
              b.  Federal Rule of Civil Procedure 12(b)(6) .............................................5

       II.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK
              OF SUBJECT MATTER JURISDICTION FOR FAILURE TO
              EXHAUST ADMINISTRATIVE REMEDIES ..........................................7

       III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
              FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
              GRANTED BECAUSE TITLE VII DOES NOT PROVIDE FOR SUITS
              AGAINST INDIVIDUALS . .......................................................................8

CONCLUSION.................................................................................................................9

## <u>TABLE OF CITATIONS</u>

<u>CASES</u>

*Brennan v. National Telephone Directory Corp.*, 881 F. Supp. 986 (E.D. Pa. 1995) .........7

*Conley v. Gibson*, 355 U.S. 41, (1957). ..................................................................... 6

*Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298 (D.N.J. 2005) .............. 8

*Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624 (W.D. Pa. 1996) .............. 5

*Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542 (3d Cir. 1996) ............................... 8

*Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277 (3d Cir. 1993) ................................................................................................... 5

*Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960)... 6

*Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969) ................................................................................................... 6

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) ............................................. 5

*Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884 (3d Cir. 1977) ........... 5

*Newsome v. Admin. Off. of Courts*, No. 00-4327, 51 Fed. Appx. 77, 78 n. 1 (3d Cir. Oct. 4, 2002) ................................................................................................... 8

*Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394 (3d Cir. 1976) cert denied, 429 U.S. 1041 (1977). ................................................................................................... 7

Pension Ben. Guar. Corp. v. White Consol. Indus., Inc. 998 F.2d 1192, (3d Cir.), cert denied, 510 U.S. 1042 (1993) ................................................................................................... 7

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ..................................................................... 6

*Sheridan v. E.I.DuPont de Nemours and Co.*, 100 F.3d 1061 (3d Cir. 1996) .................. 8

*Signore v. City of McKeesport*, Pa. 680 F.Supp. 200 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989) ................................................................................................... 6

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478 (3d Cir. 1998). ................................................................................................... 6

*Winterberg v. CNA Ins. Co.*, 868 F. Supp. 713, 718 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995). ............................................................................................................... 5

STATUTES AND OTHER AUTHORITIES

Title VII as amended ................................................................................................... 1

42 U. S. C. § 2000e-5 .................................................................................................... 7

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 5, 6

## NATURE AND STAGE OF PROCEEDINGS

On information and belief, D'Rayfiled Kary Khame Shipman ("Plaintiff") resides at 2509 Baynard Boulevard, Wilmington, DE  19802.  Plaintiff commenced the instance action on September 13, 2006, with the filing of a complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), based on race and age for employment discrimination, in the United States District Court for the District of Delaware ("Complaint") (D.I. No. 2).  Through the Complaint, the Plaintiff alleges discriminatory conduct occurred during his employment with the State of Delaware Department of Labor.  Plaintiff appears to allege that on or about July 18, 2004, and other various dates, that he was discriminated against by his former employer the State of Delaware.  In addition, the Plaintiff appears to allege that certain actions by Defendants W. Thomas MacPherson and Yvonne Marshall  Harold Stafford ("Certain State Defendants"), give rise to the allegations in the Complaint.

On the face of the Complaint, the Plaintiff states that he filed charges with the Delaware Department of Labor EEOC regarding defendants' alleged discriminatory conduct on July 18, 2004 and various other dates.  Additionally, Plaintiff states that he filed charges with the Equal Employment Opportunity Commission of the United States ("EEOC") regarding defendants alleged discriminatory conduct on September 11, 2004. Plaintiff acknowledges that he received his Notice of Right to Sue letter on June 20, 2005.  Plaintiff's appears to seek $1,500,000.00 in damages in addition to equitable and other relief.

The discriminatory conduct alleged in the Complaint consists of (1) failure to employ plaintiff; (2) termination of plaintiff's employment; (3) failure to promote; and

(4) other actions.  More specifically, the Complaint alleges that the Plaintiff was discriminated against by his former employer through Harold Stafford's[1] recommendation that he be terminated.  In addition, the Plaintiff alleges that Ms. McGinty[2] treated him differently than other employees and issued him biased employment evaluations.  Moreover, W. Thomas MacPherson treated him "very harshly" and Mr. MacPherson along with Yvonne Marshall tried to force his resignation.

The Plaintiff, in his Complaint, also alleged discriminatory actions taken by Sherry Eckeard, Fran Lally, Mike Begatto, and AFSCME Local 2038 ("Union Defendants").  The Union Defendants filed an answer on May 30, 2006 (D.I. No. 17) and filed a Motion to Dismiss with supporting brief on June 5, 2006 (D.I. Nos. 20, 21).  The State of Delaware filed an answer to the Complaint on June 6, 2006 (D.I. No. 22).

This is Certain State Defendants' Opening Brief in Support of their Motion to Dismiss the Complaint, which is filed simultaneously herewith.

---

[1] Harold Stafford is a former employee of the State of Delaware.  He has not been served in this case and this Motion and accompany brief should not be considered as an entry of appearance on his behalf.  All of Mr. Stafford's rights with regard to his defenses in this suit are reserved.

[2] Lavinia McGinty is a former employee of the State of Delaware.  She has not been served in this case and this Motion and accompany brief should not be considered as an entry of appearance on her behalf.  All of Lavinia McGinty's rights with regard to her defenses in this suit are reserved.

## SUMMARY OF THE ARGUMENT

I.  **STANDARD OF REVIEW**
    a.  **Federal Rule of Civil Procedure 12(b)(1)**
    b.  **Federal Rule of Civil Procedure 12(b)(6)**

II. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES .**

III. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE TITLE VII DOES NOT PROVIDE FOR SUITS AGAINST INDIVIDUALS .**

## **STATEMENT OF FACTS**

For purposes of this Motion to Dismiss, which is based solely on legal defenses, it is not necessary to recite the factual history of Plaintiff's claims and dealings with Certain State Defendants at length.  Even assuming all facts alleged in Plaintiff's complaint to be true, he fails to state a claim upon which relief can be granted.  The pertinent procedural facts have been set forth in detail at "Nature and Stage of Proceedings," *supra*.

## ARGUMENT

### I.    STANDARD OF REVIEW

#### a.    Federal Rule of Civil Procedure 12(b)(1)

It is axiomatic that a court cannot entertain a complaint over which it has no subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1). Federal district courts have only the jurisdiction provided to them by statute and the burden of establishing jurisdiction rests squarely with the plaintiff. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Dismissal for lack of subject matter jurisdiction is appropriate if the right(s) claimed by Plaintiff are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Commonwealth of Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996)(*citing Growth Horizons, Inc. v. Delaware County, Pa.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993). On a facial 12(b)(1) motion to dismiss, as here, the district court will accept the factual allegations of the complaint as true and will grant the motion if it finds that plaintiff cannot invoke the Court's jurisdiction (i.e., demonstrate a federal question) on the face of the complaint. *See Mortensen v. First Federal Savings & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977). The Plaintiff bears the burden of persuasion under Rule 12(b)(1). *Coxson*, 935 F.Supp. at 626.

#### b.    Federal Rule of Civil Procedure 12(b)(6)

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *Winterberg v. CNA Ins. Co.*, 868 F. Supp. 713, 718 (E.D. Pa. 1994), *aff'd* 72 F.3d 318 (3d Cir. 1995). "A complaint

should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). A pro se complaint may be dismissed for failure to state claim if it appears "beyond doubt that a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the Court does not have to accept legal conclusions, unsupported conclusions, or sweeping legal conclusions cast in the form of factual allegations. *Hiland Dairy, Inc. v. Kroger Co.*, 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); *Pauling v. McElroy*, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960). Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action. *Signore v. City of McKeesport, Pa*, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

The question is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds, *Davis v. Scherer*, 468 U.S. 183 (1984). Under these standards, the Plaintiff's complaint must be dismissed because, even assuming Plaintiff's allegations as true, he has not invoked the subject matter of this Court and he has failed to state any claim upon which relief could be granted by this Court.

II.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

A court may dismiss a Title VII action if the plaintiff has failed to exhaust his administrative remedies.  42 U.S.C. § 2000e-5.  Additionally, it is well established that a plaintiff seeking relief for alleged employment discrimination must first subject his claim to the EEOC's administrative process. *Id.*; *Brennan v. National Telephone Directory Corp.*, 881 F.Supp. 986, 993 (E.D. Pa. 1995).  The purpose of the EEOC requirement is to promote conciliation rather than litigation.  *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976) cert denied, 429 U.S. 1041 (1977).

Certain State Defendants do not dispute that the Plaintiff filed a complaint with the EEOC.  Plaintiff filed with the Complaint the Dismissal and Notice of Rights ("Right to Sue Letter") related to Claim No. 17O-2005-1222, which was based on a charge of discrimination filed on March 15, 2005 alleging retaliation for filing a previous EEOC charge of discrimination.  Exhibit 1.[3]  Plaintiff's Complaint against Certain State Defendants therefore is limited to the allegations as set forth his EEOC Charge No. 17O-2005-1222, which can only be construed as an allegation of unlawful termination based upon discrimination.  Any other discriminatory conduct asserted in the Complaint against Certain State Defendants should not be permitted as these allegations are not part of Charge No. 17O-2005-1222, for which the Plaintiff based his Complaint.  Moreover, these allegations would now be untimely as the Plaintiff must file suit within 90 days of

---

[3] A court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert denied*, 510 U.S. 1042 (1994).  Further, the Third Circuit reasoned that a motion to dismiss need not be converted to a motion for summary judgment if the court considers extraneous evidence submitted by the defense when the complaint relies on the document.  *Id.*

receipt of his Right to Sue Letter related to the charges asserted before the EEOC. As a result, Certain State Defendants respectfully request that this Court dismiss Plaintiff's complaint as it pertains to allegations of failure to employ, failure to promote, and other actions for lack of subject matter jurisdiction.

**III.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE TITLE VII DOES NOT PROVIDE FOR SUITS AGAINST INDIVIDUALS**

Plaintiff's Complaint names the Certain State Defendants:  W. Thomas MacPherson and Yvonne Marshall.  The Complaint identifies Mr. MacPherson as the Director of Unemployment Insurance for the Delaware Department of Labor.  Likewise, the Summons issued for Ms. Marshall described her as the Director of Human Resources, and directs service of process for her at the Delaware Department of Labor offices.  (D.I. No. 12).  It is clear that the Plaintiff named the Certain State Defendants in their official capacity as employees of the Delaware Department of Labor.  Title VII claims insofar as asserted against Certain State Defendants are barred because there is no individual liability under Title VII.  *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996); *Sheridan v. E.I.DuPont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996); *see also*, *Newsome v. Admin. Off. of Courts*, No. 00-4327, 51 Fed. Appx. 77, 78 n. 1 (3d Cir. Oct. 4, 2002); *Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 311 (D.N.J. 2005).  Therefore, the claims against Certain State Defendants are not proper and should be dismissed with prejudice.

## CONCLUSION

Clearly, even accepting the allegations in Plaintiff's complaint as true, he has failed to invoke the subject matter jurisdiction of this Court and has failed to state any claim against Certain State Defendants upon which relief could be granted.  For the foregoing reasons, Certain State Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiff's complaint with prejudice.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

s/s Linda M. Carmichael
Linda M. Carmichael, I.D. No. 3570
Thomas H. Ellis, I.D. No. 2586
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE  19801
(302) 577-8400
Attorney for the Defendant

Dated:  June 12, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| D'Rayfiled Kary Khame Shipman | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-665 (GMS) |
| | ) | |
| State of Delaware, Harold Stafford, | ) | |
| W. Thomas MacPherson, Yvonne Marshall, | ) | |
| Lavinia McGinty, Sherry Eckeard, | ) | |
| Fran Lally, Mike Begatto, and Local 2038 | ) | |
| AFSCME, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF MAILING AND/OR DELIVERY</u>

The undersigned certifies that on June 12, 2006, she caused the attached **DEFENDANTS W. THOMAS MACPHERSON AND YVONNE MARSHALL'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

**Perry L. Goldlust, Esquire**          **D'Rayfield Kary Khame Shipman**
Aber, Goldlust, Baker & Over          P.O. Box 25322
First Federal Plaza, Suite 600          Wilmington, DE  19899
702 King Street
P.O. Box 1675
Wilmington, DE  19899-1675

**MANNER OF DELIVERY:**
   X    Two true copies by first class mail, postage prepaid, to each recipient

STATE OF DELAWARE
DEPARTMENT OF JUSTICE
s/s Linda M. Carmichael
Linda M. Carmichael, I.D.#3570
Deputy Attorney General
Carvel State Office Building
820 N.  French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Certain State Defendants

I:\ALABOR\CARMICHAEL\Shipman\MacPherson & Marshall's Opening Brief re Motion to Dismiss.doc