UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| D'RAYFIELD KARY KHAME SHIPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | C. A. No. 05-665 GMS |
| ) | |
| STATE OF DELAWARE, HAROLD ) | |
| STAFFORD, W. THOMAS MACPHERSON, ) | |
| YVONNE MARSHALL, LAVINIA MCGINTY, ) | |
| SHERRY ECKEARD, FRAN LALLY, ) | |
| MIKE BEGATTO, AFSCME LOCAL 2038, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SHERRY ECKEARD, FRAN LALLY, MIKE BEGATTO, AND AFSCME LOCAL 2038'S RESPONSE TO PLAINTIFF'S <u>MOTION FOR CHANGE OF JURISDICTION (VENUE)</u>**

1.  On June 9, 2006 Plaintiff, D' Rayfield Shipman, filed a motion to change jurisdiction due to a conflict of interest.

2.  Defendant is requesting the matter be transferred to the United States District Court for the District of Pennsylvania.

3.  Defendants' position is that a motion for change of venue is premature at this stage in the proceedings where all defendants involved in this case have filed a motion to dismiss, for among other reasons, failure of plaintiff to state a claim upon which relief can be granted.

4.  Nevertheless, Defendants are aware that a failure to file a timely opposition could be construed by the Court as a sufficient basis to grant Plaintiff's motion as unopposed.

5.    Party seeking change of venue for convenience of witnesses and parties and in interest of justice bears burden of demonstrating why forum should be changed, and burden is strong one as to proving that convenience factors clearly favor such change. *See* 28 U.S.C.A § 1404.

6.    Private interest factors court should consider in evaluating motion to transfer venue for convenience of witnesses and parties and in interest of justice include: (1) relative ease of access to sources of proof; (2) availability of compulsory process to secure attendance of witnesses; (3) cost of attendance for willing witnesses; and (4) all other practical problems that make trial of case easy, expeditious, and inexpensive. *See Id*.

7.    Public interest factors court should consider in evaluating motion to transfer venue for convenience of witnesses and parties and in interest of justice include: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of forum with law that governs case; and (4) avoidance of unnecessary problems of conflict of laws of application of foreign law. *Id*.

8.    Plaintiff is asking the Court to change venue based on the mistaken assumption that the Attorney General's Office has entered the suit as a Defendant. All the Attorney General's Office has done is enter its appearance on behalf of the State of Delaware, and its named employees, and filed a response to plaintiff's complaint. This is not a reason to request a change of venue.

9.    With respect to change of venue in a Title VII Claim, plaintiff has failed to show how the Attorney General's Office involvement in this case invokes any of the private interest factors favoring a transfer. Furthermore, plaintiff also fails to show that any public interest factors are invoked by the Attorney General's entry of appearance, and how it favors transfer.

10.     Therefore, the defendants submit that the District of Delaware is the proper venue for this action, because (1) the acts complained of by the plaintiff occurred in Delaware; (2) the Delaware Department of Labor is located here; and (3) the witnesses along with plaintiff's employment records are maintained in Delaware.

**WHEREFORE,** Defendants demands that this motion be denied for the reasons stated herein and that attorney fees be awarded to the Answering defendants.

                                                ABER, GOLDLUST, BAKER & OVER

                                                /s/ PERRY F. GOLDLUST
                                                PERRY F. GOLDLUST (DSB #770)
                                                First Federal Plaza, Suite 600
                                                702 King Street
                                                P. O. Box 1675
                                                Wilmington, DE  19899-1675
                                                (302) 472-4900
                                                Attorneys for Defendant SHERRY ECKEARD, FRAN LALLY, MIKE BEGATTO, AFSCME LOCAL 2038

DATED:  June 21, 2006

Client/Council 81/2038/Shipman Case #05-665 GMS/objection to plaintiff's motion to change venue