IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| D'RAYFIELD KARY ) | |
| KHAME SHIPMAN, *pro se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-665 |
| ) | |
| STATE OF DELAWARE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

**I.   INTRODUCTION**

On September 13, 2005, plaintiff D'Rayfield Kary Khame Shipman ("Shipman") filed the present action against Harold Stafford ("Stafford"), W. Thomas MacPherson ("MacPherson"), Yvonne Marshall ("Marshall"), Lavinia McGinty ("McGinty"), Sherry Eckeard ("Eckeard"), Fran Lally ("Lally"), Mike Begatto ("Begatto") (collectively, the "Individual Defendants"), the State of Delaware (the "State"), and the American Federation of State, County, and Municipal Employees Local 2038 (the "Union").[1] Presently before the court are two motions to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. One was filed by Eckeard, Lally, Begatto, and the Union on June 5, 2006 (the "first motion"); (D.I. 20); the other was filed by MacPherson and Marshall seven days later (the "second motion"); (D.I. 23). Shipman has also filed two motions: the first is styled as a "Motion for Change of Jurisdiction," which the court

---

[1]The court dismissed Stafford and McGinty as defendants on March 28, 2007 for failure to effect service. (D.I. 37.) Even if these defendants had not been dismissed, however, the court would now dismiss the claims against them for the reasons stated in Section IV.B of this memorandum.

interprets as a motion to transfer pursuant to 28 U.S.C. § 1404 (D.I. 25); the other is a motion requesting that the court appoint counsel to prosecute Shipman's case (D.I. 33).

For the reasons stated below, the court will grant in part and deny in part the motions to dismiss, and will deny both of Shipman's motions.

## II.    BACKGROUND

Shipman claims in his amended complaint that he was "grossly discriminated against" by the State of Delaware, his former employer. (D.I. 2 at 2.) Shipman indicates in his complaint that he was discriminated against on the basis of his race, color, and sex, (*id.* at 4), but does not specifically reference any particular events that were discriminatory in such a manner. (*See id.* at 2-3.) He does allege that McGinty rated his performance evaluations in a "very biased" manner, and that several of the Individual Defendants attempted to force his resignation or ensure his termination. (*Id.*) He further alleges that the Union officials "failed to assist" him when he sought assistance from them. (*Id.* at 2.) Shipman states that as "an African-American male over 40," these actions left a "permanent scar" on him. (*Id.* at 3.)

## III.   STANDARD OF REVIEW

### A.    12(b)(1) Motions

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction can take two forms: it can attack the complaint on its face (facial attack), or it can attack the existence of subject matter jurisdiction in fact (factual attack). *See Mortensen v. First Federal Savings and Loan*, 549 F.2d 884, 891 (3d Cir. 1977). When reviewing a factual attack, the court is free to weigh evidence outside the pleadings to resolve factual issues bearing on jurisdiction, and to satisfy itself as to the existence of its power to hear the case. *Id.* Therefore, no presumptive truthfulness attaches to the

plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims for itself. *Id.* The plaintiff bears the burden to prove that jurisdiction does in fact exist. *Id.* The plaintiff's burden is relatively light, however, since "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of the Court, or otherwise complete devoid of merit as to not involve a federal controversy.'" *Kulick v. Pocono Downs Racking Ass'n*, 816 F.2d 895, 899 (3d Cir. 1987) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)). When reviewing a facial attack, however, the court must consider the allegations of the complaint as true, making all reasonable inferences in the plaintiff's favor. *Id.*

    B.    **12(b)(6) Motions**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Thus, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988). *Pro se* complaints are held to "less stringent legal standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that Shipman can prove no set of facts in support of his claim that would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

### C. Motion to Transfer

Under 28 U.S.C. § 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). It is the movant's burden to establish the need to transfer, and "the plaintiff's choice of venue [will] not be lightly disturbed." *Truth Hardware Corp. v. Ashland Prods., Inc.*, No. C.A. 02-1541 GMS, 2003 WL 118005, at *1 (D. Del. Jan. 13, 2003) (*quoting Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879. This inquiry requires "a multi-factor balancing test," embracing not only the statutory criteria of the interests of justice and the convenience of the parties and witnesses, but all relevant factors, including certain private and public interests. *Id.* at 875. These private interests include Shipman's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; and the location of books and records, to the extent that they could not be produced in the alternative forum. *Id.* at 879. Among the relevant public interests are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora." *Id.* at 879-80.

4

## IV.   DISCUSSION

### A.   12(b)(1) Motions

Both motions to dismiss first allege that the court lacks subject matter jurisdiction over this complaint on several grounds. The first motion alleges that Shipman failed to attach a right-to-sue letter to his complaint. (*See* D.I. 21 at 7.) The second motion, however, appears to concede that Shipman attached the right-to-sue letter, but argues that Shipman failed to file its complaint within 90 days of receiving the letter. (*See* D.I. 24 at 7-8). The court cannot discern the factual basis for either of these allegations. A right to sue letter was indeed attached as an exhibit to Shipman's complaint. (*See* D.I. 2-2.) This letter was mailed on June 14, 2005. (*Id.*) Shipman filed his complaint on September 13, 2005. Thus, even assuming that the letter arrived exactly one day after it was mailed, Shipman clearly filed his complaint within the 90-day window.

The second motion also states that Shipman's EEOC complaint failed to delineate any claims against MacPherson or Marshall. While it is unclear precisely which elements of the EEOC complaint pertain to which parties, the court declines to presume the exact scope of Shipman's EEOC complaint at this stage in the proceeding. For the above-stated reasons, the court concludes that it has subject matter jurisdiction over Shipman's claims.

### B.   12(b)(6) Motions

A number of allegations in Shipman's complaint are made against the Individual Defendants. Title VII makes it unlawful for an "employer" to engage in certain proscribed employment practices. 42 U.S.C. § 2000e-2(a). The Third Circuit has made it clear on several occasions, however, that individual *employees* cannot be held liable under Title VII. *E.g. Dici v. Commonwealth*, 91 F.3d 542, 552 (3d Cir. 1996); *Sheridan v. E.I. DuPont de Nemours*, 100 F.3d 1061, 1077 (3d Cir. 1996);

*Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Nothing in Shipman's complaint suggests that any of the Individual Defendants were Shipman's "employers." On the contrary, the Individual Defendants were all employees of either the State or the Union. (*See* D.I. 2 at 2-3.) Consequently, the claims against the Individual Defendants cannot proceed.

Shipman's complaint also names the Union as a defendant, but none of the allegations in the complaint refer to discriminatory actions by the Union. The court analogizes the present case to *Anjelino v. New York Times Co.*, where the Third Circuit found that "[w]hile a union may be held liable under Title VII, the record here does not demonstrate that the Union itself instigated or actively supported the discriminatory acts allegedly experienced by the appellants." 200 F.3d 73, 95 (3d Cir. 1999). Similarly, the complaint in this case quite literally fails to state any Title VII claims against the Union. Even under the generous standard of review given to *pro se* plaintiffs, the motion to dismiss must be granted with respect to the Union as well.[2]

### C. Motion to Transfer

Shipman has moved to transfer this case to the Eastern District of Pennsylvania. A change of venue is not appropriate in this case, since Shipman has not demonstrated why the interests of justice would be advanced by such a change. *See* 28 U.S.C. § 1404. The convenience factors that the court considers when weighing such a motion all favor denial of the motion. *See id.* Shipman is a resident of Delaware, as are all defendants. The events that gave rise to this action occurred in Delaware, while Shipman was an employee of the State of Delaware. This case does not appear to have any connection to the Eastern District of Pennsylvania.

---

[2] Since the State has neither filed a motion to dismiss nor joined in the other defendants' motions to dismiss, the court need not address whether the complaint states a valid claim against the State.

Shipman seems to believe that a change of venue is appropriate in this case because the presence of State employees as defendants creates a "conflict of interest" for the court. The court fails to see how a federal court would have a conflict of interest in hearing a case under these circumstances, and is not aware of any case law that would support Shipman's assertion that a "conflict of interest" exists in this case. Consequently, the motion to transfer is denied.

### D.     Motion to Appoint Counsel

*Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981) (quoting *Peterson v. Nadler*, 452 F.2d 754, 757 (8th Cir. 1971)); *see also Perham v. Johnson*, 126 F.3d 454, 456-57. It is within the court's discretion to seek and appoint representation by counsel for Shipman, but this effort is usually made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by council may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Having reviewed plaintiff's complaint, the court finds that Shipman's allegations are not of such a complex nature that representation by counsel is warranted at this time. Furthermore, Shipman has not made it clear to the court why he cannot retain counsel on his own. For these reasons, the motion to appoint counsel is denied.

## IV. CONCLUSION

For the motion to dismiss filed by Eckeard, Lally, Begatto, and the Union (D.I. 20), the court will deny the motion to dismiss for lack of subject matter jurisdiction, and grant the motion to dismiss for failure to state a claim upon which relief can be granted. The court will deny MacPherson and Marshall's motion to dismiss (D.I. 23) as moot, and will also deny both the plaintiff's motion to transfer (D.I. 25) and his motion to appoint counsel (D.I. 33).

Dated: August 2, 2007

_____
CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| D'RAYFIELD KARY KHAME SHIPMAN, *pro se*, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-665 |
| STATE OF DELAWARE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

### ORDER

For the reasons stated in the court's memorandum of this same date, IT IS HEREBY ORDERED that:

1. The motion to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief filed by defendants Eckeard, Lally, Begatto, and the Union (D.I. 20) is GRANTED IN PART AND DENIED IN PART;

2. The motion to dismiss this case for lack of subject matter jurisdiction filed by MacPherson and Marshall (D.I. 23) is DENIED AS MOOT;

3. The plaintiff's Motion to Transfer this case to the Eastern District of Pennsylvania (D.I. 25) is DENIED;

4. The plaintiff's Motion to Appoint Counsel (D.I. 33) is DENIED WITHOUT PREJUDICE.

Dated: August 2, 2007

CHIEF, UNITED STATES DISTRICT JUDGE